STATE of Iowa, Appellee,

v.

Billy Dale CONSTABLE, Sr., Appellant.

No. 92–459.

Supreme Court of Iowa.

Aug. 25, 1993.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and James J. Koll, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The appellant, Billy Dale Constable, Sr., challenges his conviction in a jury trial of five counts of sexual abuse in the second degree pursuant to Iowa Code section 709.3(2) (1991). Constable claims the district court erred in: (1) failing to instruct the jury on sexual abuse in the third degree, assault with intent to commit sexual abuse, and simple assault as lesser included offenses of sexual abuse in the second degree; (2) allowing trial and sentencing of five counts of the crime in violation of his double jeopardy right; and (3) overruling his motion for judgment of acquittal based on insufficient evidence to find guilt beyond a reasonable doubt of the crimes charged. Constable also requests that we reserve an ineffective assistance of counsel claim for postconviction proceedings. We affirm.

I. *Background facts and proceedings.*

In the evening of October 18, 1991, Billy Dale Constable, Sr., called a friend J.W. from a bar in Fort Dodge and requested that he stay the night at J.W.'s home. Constable's home had recently been damaged by fire and Constable had stayed with J.W. once or twice. J.W., accompanied by her daughter S.W., and her daughter's friend J.H., drove to the bar, picked up Constable, and returned to J.W.'s home.

J.W. and Constable sat downstairs and drank beer, smoked, and talked. The girls played together in another room. After about an hour, the adults found themselves out of cigarettes, and Constable suggested that J.W. return to his car at the bar for a carton of cigarettes that he had left there. J.W. told the girls that she was going out for cigarettes and left the girls at home with Constable.

After J.W. left, Constable went to the bathroom, undressed, and went to bed in the room of J.W.'s son. The girls then entered the room because S.W. wanted to kiss Constable good night. Constable asked the girls to come in and talk to him for a minute. J.H. testified that Constable, dressed only in a tee shirt, then called S.W. into bed with him.

J.W. returned with the cigarettes after having been gone no more than five or ten minutes. She walked quietly upstairs where she heard voices from her son's bedroom. She testified that she heard Constable order the girls to remove their panties. J.W. then shouted to the girls to go downstairs, Constable dressed, and J.W. drove him to his car. The next day, Constable was informed by Fort Dodge police that he had been accused of sexual abuse.

At trial, Constable asked that the following lesser offenses be submitted to the jury: sexual abuse in the third degree, assault with intent to commit sexual abuse, and simple assault. The district court held that these were not lesser included offenses of sexual abuse in the second degree and refused the request. Constable was found guilty as charged of five counts of sexual abuse in the second degree: count I—contact between Constable's mouth and S.W.'s genitals; count II—contact between S.W.'s mouth and Constable's genitals; count III—contact between Constable's finger and J.H.'s genitals; count IV—contact between Constable's mouth and J.H.'s genitals; and count V—contact between J.H.'s mouth and Constable's genitals. Constable was sentenced to a term of incarceration not to exceed twenty-five years on each of the five counts. The sentences on count I, corresponding to contact with S.W., and count III, corresponding to contact with J.H., were to run consecutively and the remaining three sentences were to run concurrently.

II. *Lesser included offenses of sexual abuse in the second degree under Iowa Code section 709.3(2).*

A defendant may be found guilty of either the offense charged or any other offense the commission of which is necessarily included in the designated crime. Iowa R.Crim.P. 21(3). Accordingly, the trial court is required to instruct the jury both as to the offense charged and all lesser included offenses. Iowa R.Crim.P. 6(3).

■ Constable argues that the trial court erred in failing to instruct the jury on sexual abuse in the third degree, assault with intent to commit sexual abuse, and simple assault, which Constable claims are lesser included offenses of sexual abuse in the second degree. Our review is for errors at law. Iowa R.App.P. 4.

■ The lesser offense is necessarily included in the greater offense if it is impossible to commit the greater offense without also committing the lesser offense. *State v. Jeffries,* 430 N.W.2d 728, 740 (Iowa 1988). Under the legal elements test, if the lesser offense contains an element which is not

required for commission of the greater offense, then the lesser offense cannot be included in the greater. *Id.* Thus, it would be possible to commit the greater offense without also having committed the lesser offense. We look to the statutory elements rather than the charge or the evidence. *Id.*

A. *Sexual abuse in the third degree.*

Constable was tried and convicted of sexual abuse in the second degree under Iowa Code section 709.3(2) (1991). The elements of sexual abuse in the second degree are: (1) a person commits sexual abuse as defined in section 709.1 and (2) the other participant is under the age of twelve. It was undisputed at trial that S.W. was eight years old and J.H. was seven years old when the alleged sex acts occurred.

Two other circumstances exist under which the State may charge an individual with sexual abuse in the second degree. *See* Iowa Code § 709.3(1), (3) (1991). The State did not allege that either of these situations formed the basis of any of the counts of sexual abuse in the second degree and relied solely on the basis that each child was under the age of twelve.

■ The elements of sexual abuse in the third degree under Iowa Code section 709.-4(1) are (1) a sex act is performed and (2) the act is done by force or against the will of the other participant, whether or not the other participant is the person's spouse or is cohabiting with the person. Constable argues that this offense is necessarily included in sexual abuse in the second degree when the State alleges the participant is under the age of twelve. Constable bases this argument on the legal fiction that a child is not capable of giving consent, therefore any sex act with a child must necessarily be by force and against the child's will. Conversely, the State argues that under our legislative scheme, it is irrelevant whether the act is performed by force or against the will of a child; the youth of the child alone is sufficient to render the perpetrator of a sex act guilty of sexual abuse.

We agree that the legal fiction that a child is incapable of consent should not lead to the

conclusion that any act performed on that child was necessarily by force or against the will of the child. When a child is under twelve, a sex act performed on that child constitutes sexual abuse in the second degree, regardless of whether that child understood the nature of the act, was forced to perform a sex act or submit to a sex act, or whether that act was against the child's will. When the State charges an individual with sexual abuse in the second degree and bases that charge on the age of the child, sexual abuse in the third degree based upon whether the act is done by force or against the will of the victim is not a lesser included offense.

In *State v. Lampman,* 345 N.W.2d 142 (Iowa 1984), we held that sexual abuse in the third degree is not a lesser included offense of sexual abuse in the second degree when the sex act occurs with a participant under twelve because sexual abuse in the third degree required that the participants in the sex act not be living together as spouses. Our analysis in *Lampman* does not bear on this issue now because the additional element that was central to the court's analysis in *Lampman* is no longer included under Iowa law.

### B. *Assault with intent to commit sexual abuse and simple assault.*

Assault with intent to commit sexual abuse under Iowa Code section 709.11 occurs when a person: (1) commits simple assault under section 708.1, with (2) the intent to commit sexual abuse. Iowa Code § 709.11 (1991).

Simple assault under Iowa Code section 708.1 is: (1) an act which is intended to cause pain or injury to or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act; (2) an act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act; or (3) intentionally pointing any firearm toward another, or displaying in a threatening manner any dangerous weapon toward another. Iowa Code § 708.1 (1991).

We believe that the legislature recognized that an adult may have contact with a child which that child may not recognize as inappropriate; a sex act with a child may not necessarily occur by force or against the child's will. Consistent with this principle, it is also possible that a sex act performed with a child may not be painful, injurious, insulting, or offensive to that child or place the child in fear of immediate physical contact which will be painful, injurious, insulting, or offensive.

In *State v. Mateer,* this court faced the question of whether simple assault was a lesser included offense of indecent contact with a child. We stated:

Assault does not fit the indecent contact mold. The third element of assault—that the intended physical contact must be painful, injurious, insulting or offensive to the victim—is not an element of indecent contact with a child. *A consenting child may be the victim of the primary offense even though the physical contact was not painful, injurious, insulting or offensive to the victim and therefore not by definition an assault.* Defendant has cited neither legal authority nor persuasive rationale for his contention that the acts made criminal by section 709.12 are necessarily painful, injurious, insulting or offensive as a matter of law.

*State v. Mateer,* 383 N.W.2d 533, 537 (Iowa 1986) (emphasis added).

In *State v. Tague,* we held that assault was not a lesser included offense of sexual abuse in the third degree when the sexual abuse charge is founded upon the performance of a sex act with a child. *State v. Tague,* 310 N.W.2d 209, 213 (Iowa 1981). We stated that while assault may be a lesser included offense of sexual abuse in the third degree when that violation involved commission of a sex act by force or against the will of the other participant, assault was not a lesser included offense when the victim was a child and the consent or will of the child was irrelevant. *Id.; see also Lampman,* 345 N.W.2d at 145 ("[A]ssault requires proof of intent to either cause pain or injury or other offensive contact or fear of such contact while sexual abuse of a child requires no similar

proof of intent since it is a strict liability offense."). Our analysis of the elements of these offenses and our adjudicated cases leads us to conclude that assault with intent to commit sexual abuse and simple assault were not lesser included offenses of sexual abuse in the second degree in this case.

Our holding does not conflict with this court's decision in *State v. Turecek*, 456 N.W.2d 219 (Iowa 1990). In that case, we held that sexual abuse in the third degree, assault with intent to commit sexual abuse, and simple assault are all lesser included offenses of sexual abuse in the second degree. *Id.* at 223. However, in *Turecek*, the charge of sexual abuse in the second degree was based upon Iowa Code section 709.3(1) (1987), that the defendant had aided and abetted another in performing sex acts on the victim by force and against the victim's will, without regard to the victim's age. *Id.* at 221.

### III. *Double jeopardy.*

Constable claims the trial court erred in ruling that his conviction of five counts of sexual abuse in the second degree did not violate his double jeopardy right under the Fifth Amendment to the United States Constitution. Constable argues that he should only have been charged and tried for two counts of sexual abuse in the second degree—one count for each victim—rather than five counts—two counts reflecting two sex acts with S.W. and three counts reflecting three sex acts with J.H.

■ The double jeopardy clause of the federal Constitution protects defendants against multiple prosecutions and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *State v. McKettrick*, 480 N.W.2d 52, 56 (Iowa 1992). This case involves the constitutional protection against violation of the double jeopardy clause; our review is de novo. *State v. Clarke*, 475 N.W.2d 193, 194 (Iowa 1991).

■ As an initial matter, we note that Constable's objection to his charge, trial, and conviction for five counts was raised in his

motion in arrest of judgment or for new trial, after the jury had returned guilty verdicts on all five counts. A motion for a new trial ordinarily is not sufficient to preserve error where proper objections were not made at trial. *See State v. Steltzer*, 288 N.W.2d 557, 559 (Iowa 1980). However, in the trial court's ruling on the issue at the sentencing hearing, the trial court stated that both during and after trial it believed that Constable was chargeable with five counts of the crime and stated its reasons for so ruling. We also consider this a significant question previously undecided in Iowa, and therefore choose to address it.

A "sex act" and "sexual activity" are defined as:

[A]ny sexual contact between two or more persons by: penetration of the penis into the vagina or anus; contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person; contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 150, 150A, 151, or 152; or by use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

Iowa Code § 702.17 (1991). Under this statute, any single physical contact so described is sufficient to meet the definition of "sex act."

■ Sexual abuse is proscribed in Iowa Code chapter 709 (1991). Sexual abuse is any sex act which (1) is done by force or against the will of one participant; (2) is performed with one participant who lacks the ability to consent; or (3) is performed with a child. Iowa Code § 709.1 (1991). Again, the statute makes clear that any single sex act defined in section 702.17 is sufficient to commit sexual abuse. Throughout chapter 709, the legislature proscribed sexual abuse and related crimes in terms of the singular, when a person performs "a" or "any" sex act.

The language of our definitional statute and chapter 709 express legislative intent that the commission of any single physical

contact described in section 702.17 is a sex act sufficient to complete a sexual abuse crime when other proscribed circumstances exist.

In the present case, Constable engaged in five distinct acts of physical contact; each contact alone met the definition of "sex act" and each contact alone would be sufficient to charge Constable with one count of sexual abuse. It follows logically that by engaging in five distinct and separate sex acts, Constable committed five counts of sexual abuse.

This position is supported by previous decisions by this court in which we examined the related question of whether the same sex acts which constituted a sexual abuse charge could also apply toward a defendant's kidnapping charge in which sexual abuse was a necessary element. In *State v. Newman*, 326 N.W.2d 788 (Iowa 1982), the defendant was convicted of first-degree kidnapping and one count of second-degree sexual abuse based on evidence that the defendant had driven the victim to a city park against her will and forced her to perform several sex acts. Upon the defendant's challenge that the sexual abuse charge was a lesser included offense which merged into the kidnapping offense, the State argued that the defendant had committed at least two separate and distinct acts of sexual abuse, and only one of those acts formed the basis for the kidnapping charge. We reversed and merged the sexual abuse conviction because the State had tried and submitted to the jury the sexual abuse as one continuing event. We stated:

> We do not foreclose the State's right to convict a defendant of both kidnapping in the first degree and sexual abuse if the case is presented that way and the jury makes findings accordingly. *A defendant should not be allowed to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime.* Other jurisdictions have met this problem in considering whether there can be separate charges based on multiple sexual assaults. A number of courts have held a defendant may be convicted separately for each attack.

*Id.* at 793 (emphasis added) (citations omitted). In *State v. Folck*, 325 N.W.2d 368, 376 (Iowa 1982), we said:

> In the present case, defendant subjected his victim to three incidents of sexual abuse within a short period of time, all within the confines of his automobile. One was an act of fellatio, the other two were sexual intercourse. Assuming, without deciding, that these different assaults upon different parts of the body *could* have formed the basis for finding defendant had committed separate and distinct crimes, Iowa R.Cr.P. 6(1), we hold this was precluded by the manner in which the case was tried, submitted, and decided.

*See also State v. Holderness*, 301 N.W.2d 733 (Iowa 1981) (court affirms conviction of kidnapping and sexual abuse because court found facts which supported at least two separate sex acts). We hold that defendant's protection under the United States Constitution against double jeopardy has not been violated.

### IV. *Sufficiency of the evidence.*

■■ Finally, Constable argues that the district court erred in overruling his motion for judgment of acquittal for insufficient evidence to support the guilty verdicts. When considering a sufficiency of the evidence challenge, this court examines the evidence in the light most favorable to the State, and considers all evidence presented at trial, not just the evidence which supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). This "favorable light" includes the making of any legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record to support the verdict. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984); *State v. Mulder*, 313 N.W.2d 885, 888 (Iowa 1981). We will uphold the verdict of the jury when substantial evidence exists on the record to support the verdict. *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981). Evidence meets the threshold criteria of substantiality if the evidence would have convinced a rational fact finder that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984).

The defendant was convicted of five counts of sexual abuse in the second degree. Each of these five counts was based on proof that a sex act occurred with a child under the age of twelve. Iowa Code § 709.3(2) (1991). Constable does not argue that the ages of S.W. and J.H. were not proven at trial to be under twelve. Constable confines his argument to whether substantial evidence exists to find that five separate sex acts occurred within the five to ten minutes that J.W. was away from the home.

Regarding the five-to-ten-minute period when the girls were alone with Constable, their testimony regarding his actions are fairly consistent and detailed. J.H. testified that Constable took S.W.'s hand and made her "rub his middle thing." She said she used the term "middle thing" because she was "not supposed to say the word." At trial, J.H. marked the genital area on drawings of the male and female body to indicate what region she was describing. J.H. also testified that under threat of spanking, Constable made S.W. "kiss" his middle thing. J.H. said Constable then offered S.W. money and cigarettes if she pulled her pants down and threatened to spank her if she refused. J.H. says Constable touched between S.W.'s legs with his tongue. S.W. corroborated that Constable had her touch "his private spot" and that he had her move her hand while holding his "middle thing." S.W. also testified that three years earlier she had brought untrue allegations of sexual abuse against her father.

J.H. and S.W. both testified that after contact with S.W., Constable abused J.H. J.H. testified that Constable had her touch his "middle thing" with her hand and that "he made me do the same thing [S.W.] did, just rub up and down." J.H. testified Constable held his hand on her head so she could not get away from him. She had told S.W. to go turn off the light in her room, hoping that S.W. would contact help once away from Constable.

S.W. testified that she saw J.H. touch Constable's "middle thing" with her hand and that then J.H. asked her turn off her light. S.W. left the room to turn off her light and then went to the bathroom. S.W. said she then wanted to go downstairs but went back in the room because J.H. was in there.

Viewing this testimony in the light most favorable to the State, substantial evidence existed upon which a jury could find beyond a reasonable doubt that Constable committed five sex acts in violation of Iowa Code section 709.3(2) (1991).

## V. *Ineffective assistance of counsel claim.*

At trial, Constable's counsel raised an issue of jury misconduct in Constable's motion in arrest of judgment or for new trial. At the hearing on the motion, Constable's counsel failed to present any evidence or request a continuance in order to gather evidence regarding this issue.

On appeal, Constable claims his trial counsel was ineffective based on this failure. To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of evidence that the counsel failed to perform an essential duty and prejudice resulted. *State v. Risdal,* 404 N.W.2d 130, 131–32 (Iowa 1987). The defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Gering v. State,* 382 N.W.2d 151, 153–54 (Iowa 1986). The record as it stands now is inadequate to address the merits of Constable's claim. We therefore reserve the issue for postconviction proceedings so that an adequate record may be developed and the attorney charged with rendering ineffective assistance may have an opportunity to respond to the claim. *See State v. White,* 337 N.W.2d 517, 519 (Iowa 1983).

**AFFIRMED.**