STATE of Iowa, Appellee,

v.

David L. SPILGER, Appellant.

No. 92–1577.

Supreme Court of Iowa.

Nov. 24, 1993.

Mary Ann Brown of Bauer, Schulte, Hahn & Swanson, Burlington, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Richard R. Phillips, County Atty., and Christine Dalton, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

Defendant David L. Spilger's appeal challenges three convictions of child sexual abuse. In one assignment he asserts that the second and third charges merged into the first so that it was improper to convict and sentence him for the two "lesser" offenses. Another assignment assails two evidentiary rulings. We pass a third assignment, a claim of ineffective assistance of counsel, reserving it for postconviction review. Because we find no merit in the other assignments we affirm.

Spilger was charged with three crimes: one count of lascivious acts with a child under Iowa Code section 709.8(1) (1991), one count of indecent contact with a child under Iowa Code section 709.12(1), and one count of lascivious conduct with a minor under Iowa Code section 709.14. These crimes were said to have occurred serially, as separate incidents, during a period between October 1, 1991, and February 17, 1992. The victim of the offense was Spilger's stepchild, his wife's daughter by a prior marriage. Spilger was convicted of each offense.

▋ I. Spilger's first assignment, a claim that the offenses merged into one, is grounded in the constitutional protection against former jeopardy. Our review of constitutional issues is de novo. *State v. Gallup*, 500 N.W.2d 437, 441 (Iowa 1993).

▋ The fifth amendment to the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This prohibition has in part given rise to the lesser included offense analysis. This analysis determines what constitutes a "same offense" for former jeopardy purposes. *State v. Jeffries*, 430 N.W.2d 728, 734 (Iowa 1988).

▋ The lesser included offense analysis addresses situations where multiple charges apply to a single occurrence. Where the alleged acts occur separately and constitute

distinct offenses there can be no complaint that one is a lesser included offense of the other. *See State v. Constable,* 505 N.W.2d 473, 478 (Iowa 1993); *State v. Newman,* 326 N.W.2d 796, 802–03 (Iowa 1982); *State v. Holderness,* 301 N.W.2d 733, 740 (Iowa 1981). In *Constable* a defendant was charged with five sexual abuse crimes. He committed each of them during a single encounter with a child. Rejecting Constable's former jeopardy claim, we found that he "engaged in five distinct acts of physical contact; each contact alone met the definition of 'sex act' and each contact alone would be sufficient [for] one count of sexual abuse." *Constable,* 505 N.W.2d at 478.

■ In this case, the State charged each of the three offenses in a separate count. Each count specified different facts. Evidence was presented of at least five distinct acts by the defendant, also separate both in time and place. There is no merit in Spilger's claim that the offenses merged so that the lesser included offense concept was implicated. The trial court was correct in so holding.

II. Spilger employed Fred Franck, a therapist and social worker, to evaluate him in an attempt to gather evidence in a dissolution of marriage proceeding in which he and his wife disputed custody of their children. Franck later testified for the State in this case as a rebuttal witness concerning a sex offender profile, stating only that it was "very difficult to tell who is and who is not a perpetrator." Franck's testimony then turned to Spilger and detailed highly damaging observations of him made during two interviews.

Franck's testimony is challenged on two grounds. Spilger first contends the profile testimony should have been precluded under our holding in *State v. Hulbert,* 481 N.W.2d 329, 333 (Iowa 1992) (no abuse of discretion in excluding expert testimony of human behavior profile of sex offender). He also asserts it should have been excluded as privileged.

■ In a general sense we review questions of admissibility of expert testimony for an abuse of trial court discretion, meaning

that we accord wide latitude to the trial court on such questions as sufficiency of the foundation and the appropriateness of the subject for expert testimony. *State v. Myers,* 382 N.W.2d 91, 93 (Iowa 1986). This of course does not mean that established rules of evidence can be ignored under the guise of trial court discretion, as for example a claim of privilege. Privilege is a legal question and our review of that challenge is on error. Iowa R.App.P. 4.

■ The trial court observed that Franck's testimony was in response to that of Pastor Robert Hamel who testified as a defense witness. Pastor Hamel carefully explained his dual role of pastor and counselor. He said he knew Spilger better in his role as counselor than pastor. After stating he had Spilger's permission to do so, defense counsel inquired into the counseling relationship and the Spilger marriage. The following then ensued:

Q. Do you perceive David [Spilger] to be a violent person? A. No, no. A very gentle and peaceful person.

Q. In your opinion do you think that David Spilger is guilty of what he's accused of? A. No, no . . . . I cannot see in the David Spilger that we have—that I've come to know in counseling any of this.

We think the trial court correctly determined the challenged profile testimony was "opened up" by Spilger. *State v. Payton,* 481 N.W.2d 325, 328 (Iowa 1992) ("rule is well settled that one who induces the trial court to 'let down the bars' to a field of inquiry cannot complain if an adversary takes advantage of the same opening").

■ III. Spilger urges a second ground in challenging Franck's testimony, a claim that it was privileged under Iowa Code section 622.10 (communications in professional confidence).

Spilger did not hire Franck as a mental health professional within the meaning of Iowa Code section 622.10. Although he did not testify in the dissolution case, Franck was retained, not as a counselor, but only as a potential witness in the earlier litigation. No counseling or treatment was involved. *See In Interest of O'Neal,* 303 N.W.2d 414,

420 (Iowa 1981) (communication to clinical psychologist in preparing to make recommendation concerning custody, not privileged); *In Interest of Hoppe,* 289 N.W.2d 613, 617 (Iowa 1980) (physician-patient privilege does not extend unless information was necessary for treatment of patient).

**AFFIRMED.**