STATE of Iowa, Appellee,

v.

James HAWKINS, Appellant.

No. 93–909.

Court of Appeals of Iowa.

April 26, 1994.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., William E. Davis, County Atty., and Hugh Pries, Asst. County Atty., for appellee.

Considered by HAYDEN, P.J., and CADY and HUITINK, JJ.

HAYDEN, Presiding Judge.

The defendant, James Hawkins, appeals his conviction, following a jury trial, of delivery of a schedule II controlled substance (cocaine) in violation of Iowa Code section 204.401(1)(c) (1991).[1] Hawkins contends the conviction is not supported by substantial evidence, and the trial court erred in overruling his motion for judgment of acquittal.

In September 1992 Davenport police officers were conducting surveillance of the area of West Sixth and Vine Streets. At trial Officer Eric Court testified there had been complaints made about drug trafficking in that area. Sergeant Joseph Brandt testified there are problems with drug trafficking and gang activity in that area.

Officer Court began his surveillance shortly before 8 p.m. from an abandoned house. He was using binoculars to observe the individuals in the area. Court observed several individuals standing in front of a house located at 928 West Sixth Street. The defendant, James Hawkins, was a member of this group. Approximately ten minutes later Court noticed Hawkins walk down the street to a four-plex, which was located directly across the street from Court's vantage point. Court testified it was still daylight at that time.

Court noticed Hawkins enter an alley with another individual. Although his view of the individuals was partially obstructed by a fence, he could observe Hawkins and the other individual from above their shoulders. Court opined the movements of the two individuals indicated they exchanged something.

---

1. Iowa Code section 204.401 (1991) is now codified at section 124.401 (1993).

Several minutes later Court saw a large green vehicle pull up in front of the four-plex where Hawkins was standing. Court observed the occupant in the back seat get out of the car, approach Hawkins, and talk to him. Hawkins and the other man walked across the street to the front of a building. Hawkins and the other man were standing directly below Court. Court saw Hawkins pick up a container from between a garbage can and the building, open the container, and pour several white rocks into the palm of his hand. Court testified he was approximately fifty to seventy feet away from Hawkins at this point. Court described the container to be a vial which looked like a Certs Holes container. One of the rocks in Hawkins' palm was given to the other man. Court observed the other man give green, folded cash to Hawkins in exchange for a rock and then leave. Hawkins returned the container by the garbage can and walked across the street to the four-plex building.

Court concluded a drug buy had occurred and immediately contacted other officers to stop the green vehicle. He provided a description of the vehicle and the occupant involved in the transaction. Officers Court and Sikorski testified that between the two of them the green vehicle never left their sight. Officer Court watched the vehicle drive away from the area and turn a corner. While listening to Court's explanation of the vehicle's course, Sikorski observed the vehicle turn the corner and he followed the vehicle until the point at which it was stopped by Officers Lynn Kindred and Richard Lindbom. One rock of crack cocaine was discovered on the rear floorboard of the green vehicle. The individual seated in the back seat of the vehicle matched the description provided by Court.

Meanwhile Court observed another individual approach Hawkins in front of the four-plex building. Court provided this testimony in cross examination.

Next Court observed a station wagon stop in front of the four-plex building where Hawkins was standing. Hawkins leaned into the station wagon for a few moments, and then the car drove off. This vehicle was also stopped by officers, but the occupants fled. No drugs were found in the vehicle.

Based on this information, the police decided to arrest Hawkins. A pat down search of Hawkins revealed $190 in cash. No drugs or container were found. Hawkins was charged with delivery of cocaine. Following trial the jury returned a verdict of guilty. The district court sentenced Hawkins to a term of imprisonment not to exceed ten years. Hawkins has appealed.

■ Our standard of review in a challenge to the sufficiency of the evidence is well established. A verdict will be upheld where substantial evidence supports the charge. *State v. Smith,* 508 N.W.2d 101, 102 (Iowa App.1993) (citing *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984)). Evidence is substantial if it could convince a rational trier of fact, in this case the jury, the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Rojas–Cardona,* 503 N.W.2d 591, 594 (Iowa 1993) (citing *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981)); *State v. Akright,* 506 N.W.2d 465, 469 (Iowa App.1993) (citing *State v. Clarke,* 475 N.W.2d 193, 197 (Iowa 1991)). When considering a defendant's challenge to the sufficiency of the evidence, the reviewing court examines all evidence in a light most favorable to the State. *State v. Constable,* 505 N.W.2d 473, 478 (Iowa 1993) (citing *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980)). In viewing the evidence in a favorable light, this court may make legitimate inferences and presumptions which may be fairly and reasonably deduced from the evidence presented at trial. *Id.* (citations omitted); *State v. Helm,* 504 N.W.2d 142, 145 (Iowa App.1993).

■ The evidence presented in this case, including testimony of Officer Court and two other officers involved in the surveillance, was for the jury to sort out and place credibility where it belongs. *See State v. Schertz,* 328 N.W.2d 320, 322 (Iowa 1982) (citations omitted); *State v. McCullough,* 226 N.W.2d 216, 217 (Iowa 1975); *State v. Trammel,* 458 N.W.2d 862, 863 (Iowa App.1990). The jury may believe or disbelieve the testimony of witnesses as it chooses. *Trammel,* 458 N.W.2d at 863 (citing *State v. Blair,* 347 N.W.2d 416, 421 (Iowa 1984)). In light of

Officer Court's eyewitness testimony of Hawkins' actions, Hawkins' possession of a significant amount of cash, and the discovery of crack cocaine, a rational jury could have reasonably concluded from the evidence Hawkins was guilty of delivery of a controlled substance.

The evidence, viewed in the light most favorable to the verdict, sufficiently supports Hawkins' conviction beyond a reasonable doubt. We affirm the decision of the district court.

**AFFIRMED.**