# IN THE COURT OF APPEALS OF IOWA

No. 15-0289
Filed May 11, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KISHA RENEE ROCKWOOD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

Defendant appeals the district court's refusal to instruct the jury that contributing to the delinquency of a minor is a lesser-included offense of using a juvenile to commit theft. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Jean C. Pettinger, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

The sole issue in controversy on this appeal is whether the district court erred when it refused Kisha Rockwood's request to instruct the jury that contributing to the delinquency of a minor was a lesser-included offense of using a juvenile to commit theft of property. She also contends, and the State concedes, the assessment to her of court costs for dismissed counts 2 and 5 was in error. We affirm in part, vacate in part, and remand.

### I.     Background Facts and Proceedings[1]

While Rockwood was using a self-checkout register to scan grocery items at a retail store, M.R., her ten-year-old son, placed some hubcaps in a bag without scanning them, and the two left the store without paying for the hubcaps. On another occasion, while Rockwood, M.R., and K.R., her thirteen-year-old daughter,[2] were in the infants section of a retail store, K.R. placed a stroller in their shopping cart. When Rockwood was at the customer service desk, K.R. pushed the cart out of the store without paying for the stroller. K.R. and M.R. came back into the store and went to the electronics department with Rockwood. Rockwood placed a printer in a cart. While Rockwood went to the service desk again, K.R. pushed the cart out of the store without paying for the printer.

---

[1] We have focused the recitation and analysis of the facts to those most relevant to deciding the sole issue in controversy: the district court's failure to instruct the jury on contributing to the delinquency of a minor.
[2] K.R. testified her grandmother raised her and she thought of Rockwood as a sister, not her mother.

The jury found Rockwood guilty of two counts of using a juvenile to commit theft, using M.R. once and K.R. once.[3] She has appealed, arguing the jury should have been instructed that contributing to the delinquency of a minor was a lesser-included offense of using a juvenile to commit theft.

## II. Scope and Standard of Review

"We review challenges to jury instructions for correction of errors at law." *State v. Frei*, 831 N.W.2d 70, 73 (Iowa 2013); *see also* Iowa R. App. P. 6.907. Yet, "[w]e review the related claim that the trial court should have given the defendant's requested instructions for an abuse of discretion." *Summy v. City of Des Moines*, 708 N.W.2d 333, 340 (Iowa 2006). Discretion is afforded the trial court in this instance because the decision involves an assessment of the evidence in the case. "When weighing sufficiency of evidence to support a requested instruction, we construe the evidence in a light most favorable to the party seeking submission." *Sonnek v. Warren*, 522 N.W.2d 45, 47 (Iowa 1994).

*State v. Guerrero Cordero*, 861 N.W.2d 253, 257-58 (Iowa 2015) (alteration in original).

## III. Analysis and Conclusion

The district court followed Iowa Code section 709A.6(2) (2013) and instructed the jury it was required to find all the following elements in order to find Rockwood guilty of the first count of using a juvenile to commit certain offenses:

1. That on or about September 26-28, 2013, the Defendant acted with, or entered into a common scheme or plan with or used,
2. A person under age 18; namely [M.R.].
3. Through threats, or monetary payment, or other means;
4. To commit theft of property valued more than $200;
5. For the profit of the Defendant.

The same instruction was given as to count 3, naming K.R. instead of M.R.

---

[3] Rockwood was also found guilty of theft. She has not appealed that conviction.

Rockwood requested the district court instruct the jury that contributing to the delinquency of a minor was a lesser-included offense of counts 1 and 3. The State objected, and the court overruled the request. Citing to Iowa Code section 709A.1(1), Rockwood argues on appeal the jury should have been instructed as to the following elements of an included offense:

1. The Defendant encouraged;
2. A child under eighteen years of age;
3. To commit any act of delinquency.

She argues the word "encouraged," from section 709A.1(1), is among the possible alternatives of "other means" identified in section 709A.6(2).

> The statute [709A.1] does not define the word "encourage." Nevertheless, when a word has no legislative definition or some particular meaning in the law, we assume the legislature intended it to have its common and ordinary meaning.
> Encourage is commonly defined to mean "to inspire with courage, spirit, or hope; to spur on; to give help or patronage."

*State v. Rohm*, 609 N.W.2d 504, 510 (Iowa 2000) (citations omitted).

Our supreme court has explained:

> To begin the process of determining the existence of a lesser included offense in this case, as in any case, the first task is to look at the elements of the marshaling instruction actually submitted to the jury. The elements of the crime described in the instruction are then compared with the statutory elements of the proposed lesser included offense to "determine if the greater offense can be committed without also committing the lesser offense."

*State v. Miller*, 841 N.W.2d 583, 590 (Iowa 2014) (citations omitted). "Under the legal elements test, if the lesser offense contains an element which is not required for commission of the greater offense, then the lesser offense cannot be included in the greater. . . . We look to the statutory elements rather than the charge or the evidence." *State v. Constable*, 505 N.W.2d 473, 475 (Iowa 1993).

The statutory elements of the jury instruction actually given to the jury should be based on "the manner in which the State . . . sought to prove those elements." *State v. Turecek*, 456 N.W.2d 219, 223 (Iowa 1990).

The parties focus, as do we, on the third alternative of the third element of the instruction given to the jury: "other means." While we agree with Rockwood that "encourage" could be included in the broad phrase "other means," our analysis is focused on whether "encourage" is necessarily included in the phrase "other means" when considering the manner in which the State sought to prove the elements.

There is no evidence in this case that Rockwood "encouraged"—as the term is defined in *Rohm*—the children to commit the crimes. There was little evidence as to why they participated in the crimes. When asked at trial why she pushed the cart out with the stroller in it, K.R. testified, "[w]ell, because [Rockwood] told me to push it out," and K.R. testified she did the same thing with the printer. K.R. also testified she did not want those things for herself.[4] The evidence was sufficient to establish the children assisted or aided Rockwood in committing the crimes, but was not sufficient to determine exactly what means was used to gain their participation in committing each crime. While there was not sufficient evidence, either direct or circumstantial, from which a jury could determine that Rockwood "encouraged" the children to commit the crimes, their very participation was sufficient circumstantial evidence that she used *some*

---

[4] K.R. also testified that she took a rug from a store without paying for it. She testified she made that decision on her own. No evidence was presented that Rockwood encouraged or otherwise influenced K.R. to take the rug.

means—"threats, or monetary payment, or other means"—to gain their participation in the commission of the thefts.

The district court did not abuse its discretion when it refused to give the requested instruction. We affirm on this issue.

We vacate the assessment of court costs on counts 2 and 5 to Rockwood and remand for entry of a corrected sentencing order.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Danilson, C.J., concurs; McDonald, J., concurs specially.

**McDONALD, Judge** (concurring specially)

I concur in the judgment but write separately to note the standard of review of the district court's declination to give a requested instruction should be for the correction of legal error. *See Alcala v. Marriott Int'l, Inc.*, No. 14-1058, 2015 WL 5577844, at *7-10 (Iowa Ct. App. Sep. 23, 2015) (McDonald, J., concurring in part, dissenting in part) ("There is a lurking inconsistency regarding the standard of review applied to the district court's refusal to give a requested jury instruction. Traditionally, the refusal to give a requested instruction was reviewed for the correction of legal error."); *Tamco Pork II, LLC v. Heartland Co-Op*, 876 N.W.2d 226, 229-32 (Iowa Ct. App. 2015) (same).