# IN THE COURT OF APPEALS OF IOWA

No. 17-0490
Filed December 6, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHRISTOPHER MYERS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

A defendant appeals following his guilty pleas asserting counsel was ineffective. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Christopher Myers, Clarinda, pro se.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

Christopher Myers appeals following his guilty pleas to two counts of second-degree sexual abuse, in violation of Iowa Code section 709.3 (2013). Myers asserts on appeal his trial counsel was ineffective in failing to inform the trial court that the plea colloquy was insufficient. Specifically, he claims the court failed to advise him of the mandatory surcharge applicable to the charges pursuant to Iowa Code chapter 911. In a pro se brief, Myers also alleges there is not a factual basis to support his guilty plea because the description of the abuse by the child victims did not match his description of the abuse during his guilty pleas. We preserve Myers's ineffective-assistance claim regarding the failure of counsel to advise him regarding the applicable surcharges for postconviction relief as the record on appeal is not adequate to address the claim. However, we reject Myers's factual-basis claim as the record contains the necessary support for Myers's guilty pleas. We therefore affirm Myers's convictions.

**I. Surcharges.**

Myers asserts this court should declare his guilty plea invalid because counsel provided ineffective assistance by failing to challenge the guilty plea colloquy that did not advise him of the surcharge applicable to his convictions. *See State v. Fisher*, 877 N.W.2d 676, 686 n.6 (Iowa 2016) (noting "*actual compliance* with [Iowa Rule of Criminal Procedure] 2.8(2)(b)(2) requires disclosure of all applicable chapter 911 surcharges"). While Myers's counsel did file a motion in arrest of judgment following his guilty plea, the motion did not address the court's failure to advise Myers of the surcharges. Thus, Myers raises this claim through the rubric of ineffective assistance of counsel. *State v. Straw*, 709 N.W.2d 128,

133 (Iowa 2006) (noting a challenge to a guilty plea is not barred "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel").

To prove his ineffective-assistance claim, Myers must prove counsel failed to perform an essential duty and the failure resulted in prejudice. *See id.* The prejudice burden requires proof "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.*[1] When an ineffective-assistance claim is made on direct appeal, we must first determine whether the record is adequate to address the claim made. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). "[M]ost claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one [available on direct appeal]." *Straw*, 709 N.W.2d at 138. While it is tempting to conclude there is no reasonable probability Myers would have insisted on going to trial had he been informed of the small applicable surcharge,[2] we determine Myers should be given the opportunity to support his ineffective-assistance claim. This claim is therefore preserved for postconviction-relief proceedings.

## II. Factual Basis.

Next, we address Myers's pro se claim that his guilty plea is not supported

---

[1] Myers asks that we overrule *Straw* and its progeny and hold that where rule 2.8(2)(b) has been violated, prejudice is presumed, as we do when a guilty plea lacks a factual basis. *See State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010) (noting prejudice is presumed where counsel permits a defendant to plead guilty and waive his right to file a motion in arrest of judgment when no factual basis for the crime has been established). However, "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

[2] The surcharge applicable to Myers's guilty pleas is $100 on each count pursuant to Iowa Code section 911.2B.

by a factual basis.[3]  "To preserve error for appeal, generally, defendants challenging a guilty plea must file a motion in arrest of judgment prior to sentencing."  *Ortiz*, 789 N.W.2d at 764.  As noted above, there was a motion in arrest of judgment filed in this case, but it did not challenge the factual basis to support the guilty plea.  We therefore presume Myers is raising this claim as an ineffective-assistance claim.  *Id.* (noting claims of ineffective assistance are the exception to the general error preservation rule).  "If trial counsel permits a defendant to plead guilty . . . when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty."  *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).  "Prejudice is presumed under these circumstances."  *Ortiz*, 789 N.W.2d at 764–65.

When determining if a guilty plea is supported by a factual basis, we examine the entire record before the district court, including the minutes of evidence, the prosecutor's statement, the defendant's statement, and the presentence investigation report, if it was available to the court at the time of the plea.  *Rhoades*, 848 N.W.2d at 29.  "[T]he record must disclose facts to satisfy all elements of the offense."  *Id.*  "When analyzing the record, we do not require the record 'to show the totality of evidence necessary to support a guilty conviction,' but only that the record demonstrates the facts to support the elements of the offense."  *Id.* (citation omitted).

---

[3] Myers also alludes in his pro se brief that his plea was not voluntary because "my lawyer made me admit that's what happened."  A similar claim was made by Myers in a motion in arrest of judgment, and the district court rejected the claim, finding his counsel's testimony that Myers wanted to plead guilty to be credible.  We find no abuse of discretion in the district court's denial of this claim.  *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) (noting our review of the district court's denial of a motion in arrest of judgment is for abuse of discretion).

Myers pled guilty to two counts of second-degree sexual abuse. The elements of that offense include: "(1) a person commits sexual abuse as defined in section 709.1 and (2) the other participant is under the age of twelve." *State v. Constable*, 505 N.W.2d 473, 475 (Iowa 1993); *see also* Iowa Code § 709.3(1)(b). Section 709.1 defines sexual abuse to include "any sex act" "when the act is performed with the other person in any of the following circumstances: . . . (3) Such other person is a child." A "sex act" is defined as including "[c]ontact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 151, or 152." *See* Iowa Code § 702.17(3).

Myers admitted during the guilty plea hearing that the children of his ex-girlfriend were under the age of twelve when they touched his genitals with their hands. He also admitted that the touching occurred between December 2013 and October 2015 when they all lived together in Scott County. Myers acknowledged this touching was at the behest of his ex-girlfriend and done for the sexual arousal of his ex-girlfriend and/or himself. By admitting these facts at the guilty plea hearing, Myers's own statements established a factual basis for his guilty plea. In addition, the minutes include the police report of Myers's interview with law enforcement where Myers also admitted to the sexual contact with the victims. The fact that the forensic interview reports of the children do not match precisely with what Myers admitted to doing on multiple occasions does not invalidate the factual basis to support his guilty plea. Because we conclude a factual basis exists in the record to support his guilty pleas to the two counts of second-degree sexual abuse, Myers's ineffective-assistance claims fail, and we affirm his convictions.

**AFFIRMED.**