# IN THE COURT OF APPEALS OF IOWA

No. 18-0254
Filed June 5, 2019

**ESTATE OF WILMA POLL,**
　　　Plaintiff-Appellant,

**vs.**

**KENNETH WILLIAM POLL,**
　　　Defendant-Appellee.
_____

Appeal from the Iowa District Court for Jackson County, Stuart P. Werling, Judge.

The Estate of Wilma Poll appeals following a jury trial finding in favor of defendant Kenneth Poll. **AFFIRMED.**

Christine Frederick and Cynthia Z. Taylor of Zamora Taylor Woods & Frederick, Davenport, for appellant.

Matthew L. Noel (until withdrawal) and Victoria D. Noel of The Noel Law Firm, Clinton, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, Judge.**

Patricia Gerardy, the conservator for Wilma Poll, brought suit against Kenneth Poll concerning a real estate transaction between Kenneth and Wilma. Patricia alleged Kenneth unduly influenced Wilma to enter into the agreement and that Wilma was not competent to enter into the transaction. The jury found in favor of Kenneth, and the district court denied Patricia's posttrial motions. Patricia appealed the jury verdict and various rulings by the district court. The Estate of Wilma Poll was substituted as the plaintiff/appellant after Wilma passed away. Upon our review, we affirm the jury verdict and the district court's rulings.

### I. Background Facts and Proceedings.

Wilma Poll was born in 1918. In September 2012, Wilma executed a power of attorney form appointing her son, Kenneth Poll, as her attorney in fact. On September 8, 2015, ninety-seven-year-old Wilma entered into a real estate contract with Kenneth to sell Kenneth her forty-acre farm for $24,000. The purchase price was to be paid in installments. Eight days later, Wilma was examined by her regular physician, Dr. Jerald Bybee, to ascertain her mental status or competency. Using a test called the "mini mental status evaluation," Dr. Bybee asked Wilma to perform a number of tests, including answering what the exact date was and the solution to relatively simple arithmetic problems. Out of a possible score of thirty points, Wilma scored twenty points. Dr. Bybee opined Wilma's score indicated her memory was on the line between mildly and moderately impaired. Wilma thought it was 2012 when it was 2015. Wilma did not recall the amount of money in question in the real estate contract with Kenneth. Ultimately, Dr. Bybee opined that Wilma's mental capacity at that time—and the

eight days before it—was such that she did not have the mental capacity to understand the contract and was not capable of entering into a contract voluntarily, freely, and intelligently.

In April 2016, Wilma's daughter, Patricia Gerardy, was appointed guardian and conservator of Wilma. In July 2016, Gerardy, acting as Wilma's conservator, filed a suit against Kenneth. Patricia alleged Kenneth, while acting as Wilma's attorney in fact, unduly influenced Wilma to sell her farm to Kenneth at an amount well below market value. Patricia also asserted the real estate contract should be set aside or deemed void because Wilma was not competent to enter into a contract with Kenneth. Kenneth denied the allegations.

In August 2017, Patricia filed her list of expected trial exhibits, which included one titled "Judgment Entry in Case No. SCSC018588 and captioned Joshua William Poll v. Kenneth William Poll and filed on May 11, 2015." In that case, Kenneth's nephew, Joshua, alleged Kenneth failed to properly care for Joshua's bull as agreed. Following a small claims trial, the magistrate entered judgment in favor of Joshua. Therein, the court made express findings that Kenneth was not credible and explained its reasons for so finding.

Prior to trial, Kenneth filed a motion in limine seeking to exclude the judgment entry from evidence, arguing it was irrelevant. Patricia resisted, arguing the judgment entry was relevant "as it speaks directly to [Kenneth's] credibility, especially while testifying under oath." The court took the matter up before trial and ruled the judgment entry was irrelevant in Patricia's case-in-chief as a matter of law, but the exhibit could be introduced if Kenneth testified to test his credibility.

At trial, Patricia's attorney called Kenneth as an adverse witness, and during the examination, the following exchange occurred:

> Q. Now, Mr. Poll, you've said that you believe that you are an honest person? A. Yes.
> Q. And would you say that you are always honest? A. Yes.
> Q. You've testified in court before; correct? A. Yeah.
> Q. And just like today, did you raise your hand and swear to tell the truth? A. Yes.
> Q. Were one of those testimonies in a case involving Joshua Poll? A. Yeah.
> Q. And was the ruling in that case filed on May 11, 2015? A. Around that.
> Q. Okay. Isn't it true, Mr. Poll, that the judge determined that your testimony was not credible?

Kenneth's counsel objected, and the court heard the parties' arguments outside the presence of the jury. Kenneth's counsel argued a credibility finding was not the same as evidence of character for truthfulness. He also argued Iowa Rule of Evidence 5.608(b) does not permit the admission of extrinsic evidence alleging specific instances of conduct to attack or support a witness's credibility other than evidence of a prior conviction. In response, Patricia's counsel argued the exhibit was admissible because it was relevant to Kenneth's credibility—"credible is just another word for truth." The court overruled the objection, ruling "specific instances of credibility determined in a judicial proceeding do relate to [one's] reputation for credibility in the community" and Kenneth therefore had to answer the question as to whether there was a judicial determination of his credibility.

When the jury returned, the last question was read back to Kenneth. Kenneth answered he "[did not] know what [the attorney was] asking about." This exchange followed:

> Q. When you had the case with Joshua Poll, did the judge say in his ruling that you were not credible? A. On what?

Q. Your testimony was not credible? A. There's nothing to that.

Q. Did the judge find that your testimony was not credible? A. No.

Q. He didn't? I'm gonna direct—A. According to his—what he put in there, but it was credible because of what Vern and Josh done.

Q. I'm gonna turn your attention to [exhibit]. Do you see that? A. Yes.

Q. And can you tell me what that document is? A. Well, it's against Josh Poll and myself.

Q. And is that the judgment? On the top—in the caption on the top, does it say judgment entry? A. I don't know what you're talking about.

Q. On the top of the document, there is a line under the case number. Does that say judgment entry? A. Yes.

Q. Okay. . . . Is that document signed by Magistrate John Kies? A. Yes.

. . . .

Q. All right. You stated that the judge did not find that you were not credible. I know that's a double negative. Would you look at the second full paragraph? In the second line after the word testimony, would you read that line, that sentence? A. It says, but Kenneth Poll was not credible.

Q. Okay. So the judge did find that you were not credible; correct? A. I guess.

Q. Yes? And he found on another part of that decision that you were not credible; correct? A. On what part was that?

Q. Let's look on page 7. All right. The third line from the bottom. Do you see that? Actually, let's start at the last full paragraph on that page. Okay. Do you see that?

[KENNETH'S ATTORNEY]: I'm gonna object to that, your Honor. That's not relevant. Like I said, the exception is very narrowly drawn.

The court overruled the objection. Patricia's attorney moved to admit the exhibit,

and the following discussion occurred:

[KENNETH'S ATTORNEY]: Objection. It's objectionable because it's outside the scope of—there's a lot of information that's outside the scope of why [Patricia's attorney is] offering it. It's irrelevant. The parts that are relevant have been made from and are in the record. There's no need to enter this.

And it goes back to the argument we had with the jury out of our presence. There is a lot of things in here, impressions, things that other people said, that are not relevant to this case, and this should not be admitted as a full document.

THE COURT: Ladies and gentlemen of the jury, I am admitting Exhibit 7, which is a judgment entry in a matter of litigation, part of the public record of the county of Jackson County. I am admonishing you that the sole purpose for which this exhibit has been entered is to reference in this particular litigation the findings of the jurist in writing as to the credibility of this witness and for no other purpose. When you examine this exhibit, you shall not consider any other determinations by the judge or statements of fact by the judge, as those relate to a matter wholly unrelated to this litigation between these parties here. The only relevancy of this exhibit is as to this judge's determination of the witness's credibility. With that admonition, does the Plaintiff have anything further?

[PATRICIA'S ATTORNEY]: No, your Honor.

After both parties rested, the court heard motions outside the presence of the jury. The next morning, on the third day of trial, Kenneth moved for a mistrial based upon the presentation and admission of the judgment entry exhibit into evidence, citing the Iowa Supreme Court's opinion in *State v. Greene*, 592 N.W.2d 24, 28-29 (Iowa 1999) (finding the district court did not abuse its discretion in refusing to admit a federal court ruling offered as impeachment evidence). Patricia opposed the motion, arguing generally that *Greene* was inapplicable and the court's initial ruling was correct. The court denied the motion for a mistrial but agreed the judgment entry was admitted in error, and the court found the error could be cured by way of a curative jury instruction. Kenneth requested the exhibit be struck, and the court granted the request.

While going over the court's proposed jury instructions, Patricia objected to the court's curative instruction for the reasons she previously argued. The instruction stated: "During trial, you heard evidence that [the magistrate] called into question the credibility of Kenneth Poll. I now direct you to disregard that testimony and not take it into consideration for any purpose during your deliberations, including determining the credibility of Kenneth Poll." Patricia also stated

"essentially what the court is doing is changing their ruling post-trial without us having the opportunity to present additional evidence. Other than that, I have no other items for the record with regard to the jury instructions, Your Honor." The court denied Patricia's objection.

After the case was submitted to the jury, the jury returned a verdict in favor of Kenneth. Patricia filed motions for a new trial and judgment notwithstanding the verdict. Patricia argued the court's reversal of its prior ruling admitting the judgment entry entitled her to a new trial:

> [Patricia] was not offered the opportunity to present any further evidence or testimony to replace the stricken exhibit or testimony. The credibility of [Kenneth] is a critical issue in this matter. [Patricia] was greatly prejudiced when the court reversed its ruling regarding exhibit 7 after the close of the case, and failed to allow [Patricia] to present replacement or additional testimony or evidence. The case had not yet been submitted to the jury and the record should have been reopened to allow [Patricia] to present additional evidence after the reversal of the ruling. [Patricia] is entitled to a new trial due to the irregularity of the proceedings of the court which prevented the [Patricia] from having a fair trial. The striking of said evidence was very prejudicial to [Patricia].

Patricia further argued she was entitled to a new trial pursuant to Iowa Rule of Civil Procedure 1.1004(3), asserting:

> [Patricia] could not have guarded against the surprise when the court reversed its ruling regarding [Patricia's] exhibit 7 and all testimony relating to exhibit 7. Both parties had rested but the case had not yet been submitted to the jury. [Patricia] should have been afforded the opportunity to offer additional evidence and testimony to: 1) replace the evidence provided in exhibit 7, and; 2) testimony to corroborate said evidence, as the stricken testimony had done. Said testimony and evidence went directly to [Kenneth's] credibility which was a crucial factor to [Patricia's] case. Due to the surprise which ordinary prudence could not have guarded against, [Patricia] is entitled to a new trial.

Kenneth resisted, and the court denied Patricia's motions.

Patricia appealed. In October 2018, while this appeal was pending, Wilma passed away. Patricia requested that Wilma's estate be substituted as the Plaintiff/Appellant in this case, and the estate agreed to the substitution. This court subsequently granted the application for substitution. We will refer to the appellant hereinafter as Patricia.

## II. Standard of Review.

Evidentiary rulings are reviewed on appeal for an abuse of discretion, which occurs when the district court bases its ruling on grounds that are unreasonable or untenable. *See Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 718 (Iowa 2014). Similarly, the denial of a motion for a new trial based upon a discretionary ground is reviewed for an abuse of discretion. *See id.* at 718-19. Thus, our review of a ruling denying a motion for a new trial for failing to administer substantial justice is for an abuse of discretion. *See Crow v. Simpson*, 871 N.W.2d 98, 105 (Iowa 2015). If "the evidence amply supports the verdict, a trial court abuses its discretion by granting a new trial on the ground that it would have reached a different result." *Lehigh Clay Prod., Ltd. v. Iowa Dep't of Transp.*, 512 N.W.2d 541, 544 (Iowa 1994). However, if the motion for a new trial "is based on a legal question, our review is on error." *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001); *see also Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012) ("We review a district court's ruling on sufficiency of the evidence for correction of errors at law.").

"A motion for judgment notwithstanding the verdict must stand or fall on the grounds asserted in the motion for directed verdict," and "[a]ppellate review is limited to those grounds." *Channon,* 629 N.W.2d at 859. Our review of a ruling on a motion for judgment notwithstanding the verdict is for the correction of errors at

law. *See id.* On appellate review, we consider the evidence in the light most favorable to the party against whom the motion is made, and we ask whether there was sufficient evidence to generate a jury question. *Schlegel v. Ottumwa Courier, a Div. of Lee Enterprises, Inc.*, 585 N.W.2d 217, 221 (Iowa 1998). Substantial evidence is evidence reasonable minds would accept "as adequate to reach a conclusion." *Id.*; *see also Pavone v. Kirke*, 801 N.W.2d 477, 487 (Iowa 2011). "Evidence is not insubstantial merely because [courts] may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *Crow*, 871 N.W.2d at 105. Moreover, "the jury is free to accept or reject any testimony, including uncontroverted expert testimony." *Id.*

### III. Discussion.

On appeal, Patricia raises four issues. First, she asserts the court "unwittingly vouched for [Kenneth's] credibility" when the court reversed its ruling concerning the judgment entry exhibit. Second, she maintains the jury erred in determining Kenneth acted in good faith throughout his real estate transaction with Wilma. Third, Patricia contends the jury erred in determining a contract existed between Wilma and Kenneth. Fourth, Patricia argues the court erred in not granting her motion for entry of a judgment notwithstanding the verdict. Kenneth argues Patricia failed to preserve her arguments in several respects and in any event, her claims are without merit.

### A. Credibility Evidence.

Patricia asserts she is entitled to a new trial based upon the district court's reversal of its initial ruling admitting the judgment entry exhibit. On appeal, she

does not challenge the correctness of the court's reversal, she argues she "should have been afforded the opportunity to offer additional evidence and testimony to show what [the exhibit] and the testimony regarding same had shown." Patricia's brief states she preserved error on this issue as follows:

> The jury verdict was rendered on December 6, 2017. [Patricia's] Motion for New Trial and Judgment Notwithstanding Verdict was timely filed on December 13, 2017. The Order was issued by [the district court] on January 26, 2018, and [Patricia] timely filed her Notice of Appeal on February 12, 2018.

Kenneth argues this is insufficient to preserve the error she alleges on appeal, and we agree.

Filing a timely notice of appeal "has nothing to do with error preservation." *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013); *see also* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practic*e, 55 Drake L. Rev. 39, 48 (2006) (footnote omitted) (explaining that "[a]s a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court"). Rather, error preservation generally requires an issue to "be both raised and decided by the district court before we will decide them on appeal." *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) (citation omitted).

While Patricia generally objected the court's ruling when it determined its earlier ruling should be reversed, she made no request to reopen the record. She did not ask for an opportunity to offer additional evidence or testimony regarding Kenneth's crediblity. Our error preservation rules require parties to alert the district court "to an issue at a time when corrective action can be taken." *Top of Iowa Co-op. v. Sime Farms, Inc.,* 608 N.W.2d 454, 470 (Iowa 2000). Patricia failed to do

this. When the court reversed its ruling regarding the judgment entry exhibit, the case had not yet been submitted to the jury. When the court proposed its curative instruction, the case had not yet been submitted to the jury. Patricia made no request to reopen the record at any time when corrective action could have been taken.

Furthermore, Patricia did not make an offer of proof. For evidentiary challenges, an offer of proof should be made to provide the trial court an adequate basis for its evidentiary ruling and to make a record for appellate review. *See Greene*, 592 N.W.2d at 27. "Such a record is necessary so the reviewing court does not have to 'base error on speculation as to the answers that would have been given to questions' had the questions been asked.'" *Id.* (citation omitted). "A motion for a new trial ordinarily is not sufficient to preserve error where proper objections were not made at trial." *State v. Constable,* 505 N.W.2d 473, 478 (Iowa 1998).

For all the above reasons, we conclude error was not preserved on this issue.

### B. Remaining Claims.

The jury found in its answers to interrogatories that a confidential and a fiduciary relationship existed between Wilma and Kenneth. The jury further determined Kenneth proved he acted in good faith throughout the real estate transaction and that Wilma acted freely, voluntarily, and intelligently. The jury found Wilma had sufficient mental capacity to enter into the real estate contract and that there was a meeting of the minds on all of the material terms of the contract. Patricia challenges these findings, arguing there was insufficient

evidence to submit the issue to the jury and the court should have granted her motion for judgment notwithstanding the verdict. She also argues the court should have granted her motion for a new trial. Ultimately, her motions' merits turn on whether there was sufficient evidence to generate a jury question and to support the verdict. *See generally Channon*, 629 N.W.2d at 859; *Lehigh Clay Prod., Ltd.*, 512 N.W.2d at 544.

Patricia insists the jury failed to give proper weight to Dr. Bybee's opinion of Wilma's mental capacity. However, "[i]t is well-settled that the law requires a jury to consider expert testimony in the same manner it considers any other testimony." *Crow*, 871 N.W.2d at 107. "After considering the expert's education and experience, the reasons given for the expert's opinion, and all other evidence in a case, the jury can give the expert's testimony as much weight as it thinks it deserves." *See id.* At the end of the day, the jury is free to accept it or reject it. *See id.*

Not only did Kenneth testify his mother was of sound mind to enter into the real estate contract, Wilma's attorney, who drafted the contract, testified he had met with Wilma privately and had no doubts about her competency. The jury heard all of the evidence and determined that Kenneth established he acted in good faith and that Wilma was competent to enter into the contract. There is sufficient evidence to support the jury's verdict. Consequently, the district court did not err in denying Patricia's motion for judgment notwithstanding the verdict, nor did the court abuse its discretion in denying her motion for a new trial.

*IV.  Conclusion.*

Upon our review of the record, we conclude Patricia failed to preserve error on her claim she is entitled to a new trial based upon the district court's reversal of its initial ruling admitting credibility evidence.  Additionally, we find the district court did not err in denying Patricia's motion for judgment notwithstanding the verdict, nor did the court abuse its discretion in denying her motion for a new trial, because there is sufficient evidence to support the jury's verdict.  Accordingly, we affirm the jury's verdict and the court's rulings.

**AFFIRMED.**