STATE of Iowa, Appellee,

v.

Steven Scott WALLER, Appellant.

No. 89–108.

Supreme Court of Iowa.

Jan. 24, 1990.

Gregory J. Epping, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Denver Dillard, County Atty., and Todd Tripp, Asst. Linn County Atty., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

SNELL, Justice.

Steven Scott Waller was convicted of second-degree burglary. The circumstances surrounding the event for which he was convicted involved the entry of a building on February 28, 1988. The building's owner reported to police by telephone that he had observed someone either entering or leaving through a boarded window in the combination office and warehouse. Police summoned to the scene found Waller crouching in the warehouse portion of the building. They took Waller into custody, seizing a flashlight and two coats from the area in which Waller had been apprehended. The coats were later identified by the building's owner as his possessions.

According to Waller, who is mildly mentally retarded, he had borrowed the flashlight from a friend only to scare off some intruders he had observed around the building. At trial, he admitted that he had entered the building without the owner's permission. His defense was based upon the theory that he lacked the requisite intent for the commission of a burglary. Accordingly, Waller asked the trial court to instruct the jury on the offense of criminal trespass under Iowa Code section 716.-7(2)(c) and (d) (1987), claiming that criminal trespass under these alternatives is a lesser-included offense of the entry alternative to burglary with which he was charged. The trial court declined to give the requested instructions, and this forms the basis of Waller's appeal.

■ This court has already decided that criminal trespass is a lesser-included offense of burglary under its entering alternative when criminal trespass is defined by Iowa Code section 716.7(2)(a). *State v. Sangster*, 299 N.W.2d 661, 664 (Iowa 1980). The trial court was obligated to give such an instruction, since, under the specific elements test adopted in *State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988), this alternative is always a lesser-included offense of burglary under its entering alternative. *State v. Sallis*, 262 N.W.2d 240, 248 (Iowa 1978). Since Waller did not object or take exception to the trial court's failure to give an instruction based upon section 716.7(2)(a), however, the issue was not preserved for appeal, and Waller does not raise it.

■ A separate question is presented, however, on whether the court was required to give an instruction based upon subsections (c) and (d) of the same statute. When the statute defines an offense alternatively, as here, the relevant definition is the one for the offense involved in the particular prosecution. *Sangster*, 299 N.W.2d at 663 (Iowa 1980). In other words, where an offense is defined alternatively, a trial court need not instruct the jury based upon all of the lesser offense alternatives simply because one of the lesser offense alternatives is included in the greater offense. The court must look to whether the specific alternative definition upon which a proposed instruction is based is itself a lesser-included offense. *See id.*

In *Jeffries*, this court held that if the statutory elements of a lesser offense are all included in a greater offense, so that the greater offense cannot be committed without also committing the lesser offense, and absent a stipulation to the element of the greater offense not included in the lesser offense, the court must instruct the jury on both offenses. *Id.* 430 N.W.2d at 737. Iowa R.Crim.P. 21(3). Accordingly, we must apply the specific elements test to each of the alternative definitions of criminal trespass urged by Waller at trial, to determine if either or both of these alternatives are a lesser-included offense of burglary.

■ I. As an initial matter, however, the State argues that Waller waived his right to appeal as regards an instruction based on Iowa Code section 716.7(2)(c). In order to preserve error, a defendant must request a lesser-included offense instruction or object to a trial court's failure to give it. *Jeffries*, 430 N.W.2d at 737; *State v. Burkett*, 357 N.W.2d 632, 634 (Iowa 1984). In this case, Waller proposed an instruction based upon section 716.7(2)(c) prior to trial. The State argues that Waller later waived any proposed instruction based upon that alternative when the trial court took up the matter of instructions. This contention is grounded on the fact that Waller's counsel argued strenuously that his proposed instruction based on section 716.7(2)(d) be included, but did not specifically argue the merits of the proposed instruction based upon section 716.-7(2)(c). Generally speaking, a party must preserve error by a specific exception when a trial court declines to give a proposed instruction. *State v. Sallis*, 262 N.W.2d at 248 (Iowa 1978); *accord, State v. Washington*, 257 N.W.2d 890, 895, *cert. denied*, 435 U.S. 1008, 98 S.Ct. 1881, 56 L.Ed.2d 390 (1977); *State v. Feddersen*, 230 N.W.2d 510, 516 (Iowa 1975). In this case, trial counsel clearly took proper exceptions, as illustrated by the following colloquy:

THE COURT: Mr. Epping, I have in front of me your proposed instructions, which include that. They were filed November 4th, and I'm assuming, for the purpose of the record, besides the exceptions you're stating now, you're also taking exception and objection to the fact of not giving the instructions that you proposed.

BY MR. EPPING: That's correct.

As a result, Waller preserved the question of whether criminal trespass as defined by section 716.7(2)(c) is a lesser-included offense of burglary under its entry alternative.

II. The task before us is to apply the specific elements test to both alternatives proffered by Waller in his proposed instructions. In applying this test, the court figuratively places the applicable statutes side by side and examines their elements in the abstract. *Jeffries*, 430 N.W.2d at 730. The elements must match nearly perfectly, and if the lesser offense contains an element not included in the greater offense, it usually cannot be a lesser-included offense. *Id.* The elements of burglary under the entering alternative charged by the State in this case are:

1. Entry
2. By a person
3. Into an occupied structure not open to the public.
4. Without right, license, or privilege
5. With intent to commit a felony, assault, or theft. Iowa Code § 713.1 (1987).

The elements of criminal trespass under section 716.7(2)(c) are:

1. Entering
2. Upon or in property
3. With the purpose or effect of unduly interfering with the use of that property by others.

Iowa Code § 716.7(2)(c) (1987).

In applying the test, we look only to these elements, and not to the charge or to the evidence. *Jeffries*, 430 N.W.2d at 740 (citing *State v. Redmon*, 244 N.W.2d 792, 801 (Iowa 1976)). The first element of criminal trespass under this alternative—entering—corresponds to the first two elements of burglary—entry by a person. The second element of criminal trespass requires that the entry be upon or in property. This corresponds to entry into an occupied structure not open to the public, the third element of burglary. Entry upon or in property as defined by Iowa Code section 716.7(1), does not always constitute entry into an occupied structure as defined by Iowa Code section 702.12. Entry into an occupied structure, however, always constitutes entry upon or in property pursuant to those definitions. Element three of the criminal trespass alternative under consideration proscribes conduct having either the purpose or the effect of unduly interfering with the use of property by others. Element five of the burglary statute requires an intent to commit a felony, assault, or theft.

Intent has been defined as the design or purpose of an individual in acting. *See Webster's New International Dictionary of the English Language* (2d Ed.). Thus, the term "purpose" as contained in section 716.7(2)(c) is synonymous with "intent." *See State v. Begbie*, 415 N.W.2d 103, 105 (Minn.App.1987); *People v. Frysig*, 628 P.2d 1004, 1010 (Colo.1981). Although the words are different the thought conveyed in these contexts is the same. A person whose act evidences intent to commit a felony, assault, or theft under the burglary statute necessarily has also evinced the purpose of unduly interfering with the use of the property by others. Thus, it is impossible to commit the greater offense without committing the lesser offense. *See Sangster*, 299 N.W.2d at 663. As a result, the offense of burglary under the entering alternative cannot be committed without also committing criminal trespass pursuant to section 716.7(2)(c).

III. The elements of criminal trespass under section 716.7(2)(d), also urged by Waller as a basis for a proposed instruction are:

1. Being upon or in property.
2. Wrongfully using, removing therefrom, altering, damaging, harassing or

placing thereon or therein anything animate or inanimate.

3. Without the implied or actual permission of the owner, lessee, or person in lawful possession.

■ Waller contends that his entry into the building constituted "wrongful use," one of the alternative factors of the second element. This argument in essence seeks to make his entry into the building fulfill both the first and second elements of the crime. This reading of the statute would render one of its elements superfluous. We presume the legislature intended a meaning for every part of the statute, and that "wrongful use" therefore means something in addition to and different from entry of property. *State v. Luppes*, 358 N.W.2d 322, 324 (Iowa 1984).

In addition, criminal trespass under section 716.7(2)(d) does not necessarily require intent, and requires that some action actually be undertaken by the accused. Burglary does not actually require that any act be committed, but only that the accused have the intent to commit an assault, theft, or felony. Given this difference between the statutes, it is apparent that burglary may be committed without undertaking the overt act necessary to commit criminal trespass as defined by section 716.7(2)(d). Thus, criminal trespass under this alternative is not a lesser-included offense of the offense of burglary under the entering alternative with which Waller was charged.

Since we have determined that Waller had a statutory right to an instruction on criminal trespass pursuant to Iowa Code section 716.7(2)(c), we do not reach the issue of whether his due process rights were violated by the trial court's refusal to grant an instruction on criminal trespass. The decision of the trial court is affirmed in part, reversed in part, and the case remanded for new trial.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.