# IN THE COURT OF APPEALS OF IOWA

No. 14-1601
Filed June 29, 2016

**TYRONE DEMARIO BRYSON,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


An applicant appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**


Christine E. Branstad and Nathan A. Olson of Branstad Law, PLLC, Des

Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven and Kevin

Cmelik, Assistant Attorneys General, for appellee State.


Heard by Vogel, P.J., and Doyle and Bower, JJ. Tabor, J., takes no part.

**VOGEL, Presiding Judge.**

Tyrone Bryson appeals the district court's denial of his application for postconviction relief (PCR). He contends on appeal that his sentence is illegal because his convictions for burglary and robbery should have merged and two of his convictions for third-degree sexual abuse should also have merged. Because we agree with the district court that none of the convictions merge, we affirm the court's denial of Bryson's PCR application.[1]

**I. Background Facts and Proceedings.**

The evidence introduced at the criminal trial established that in the early morning hours of March 4, 1999, sixty-seven-year-old B.S. was attacked in her Des Moines home. The perpetrator, later identified by B.S. and confirmed by DNA evidence, was Bryson. During the attack, Bryson performed oral sex on B.S. and forced B.S. to perform oral sex on him. Then B.S. insisted she needed to take her heart medication, which was located in the kitchen. Bryson dragged the naked B.S. to the kitchen by her arm, where B.S. took her medication and retrieved a can of mace from her purse. Bryson grabbed the mace out of her hand, ripped the phone out of the wall, and then took B.S. back into the bedroom, forcing her to engage in vaginal intercourse. After the acts of sexual assault had ended, B.S. kept talking to Bryson in the hopes that he would not further harm

---

[1] Recently in *State v. Dempsey*, No. 15-1195, 2016 WL 3275306, at *2-3 (Iowa Ct. App. June 15, 2016), our court determined a defendant does not have a right to appeal a district court's denial of a motion to correct an illegal sentence and that such a denial is reviewable through a petition for a writ of certiorari. While the claim Bryson makes in this case is that his sentence is illegal, he makes his claim through an application for postconviction relief. *See* Iowa Code § 822.2(1)(a) (2013). The district court treated the claim as a PCR action, not a motion to correct an illegal sentence under Iowa Rule of Criminal Procedure 2.24(5). A denial of an application for postconviction relief is appealable as a matter of right. *See id.* § 822.9. Therefore, we determine Bryson sought the proper form of review.

her. She asked him to get her a soda. Before he left the house, Bryson took B.S.'s mace canister, and some coins and dollar bills out of B.S.'s purse. B.S. then put on a robe and ran to her neighbors for help where the police were called.

B.S. gave a description of the perpetrator to police, and based on that description, Bryson was located nearby and detained. Police located a can of mace in Bryson's pocket along with dollar bills. In addition, a pile of quarters was found on the ground where he was stopped in front of a homeless shelter. B.S. was brought to Bryson, and she positively identified him.

B.S. was taken to the hospital where she was examined. She complained to the physician that she was experiencing pain in her arm, where a red mark was visible. In addition, she was experiencing pain from the sexual assault. She underwent a sexual-assault examination at the hospital, and based on DNA recovered from B.S., experts testified at trial that Bryson could not be excluded as a donor of the seminal fluid.

Bryson testified in his own defense, claiming he was not in or near B.S.'s home at the time of the incident. He stated he picked up an abandoned can of mace from the ground and had money in his pocket a friend had given him.

The jury found Bryson guilty of burglary in the first degree, robbery in the second degree, and three counts of sexual assault in the third degree. The jury also answered a special interrogatory finding Bryson "intentionally or recklessly inflicted a bodily injury upon [B.S.] other than, or in addition to, any sex act." The court imposed a sentence not to exceed twenty-five years on the burglary conviction. The court found Bryson to be an habitual offender under Iowa Code

sections 902.8 and 902.9(2) (1999), which enhanced the sentences on the robbery and sexual abuse counts to fifteen years each. The court ran the five sentences consecutively for a total term of eighty-five years. A mandatory minimum of three years was imposed on each sexual abuse conviction, pursuant to Iowa Code section 902.8, and the applicable mandatory minimum was imposed on the robbery conviction, under Iowa Code section 902.12. The mandatory minimum sentences were also ordered to run consecutively. The court ordered the consecutive sentences because of Bryson's criminal record and "the particular seriousness and heinousness of this crime." The court also found "each and all of the acts of sexual abuse to be independent decisions of specific criminal conduct, any one of which [Bryson] could have elected not to perform and therefore believes consecutive sentences are appropriate."

Bryson appealed from his convictions, but that appeal was dismissed as frivolous in 2001. Bryson's first PCR application was denied by the district court in 2004, and no appeal was filed. The current PCR application was filed in October 2013, twelve years after his convictions became final.

After a contested hearing on Bryson's PCR application, the district court determined the burglary and the robbery convictions do not merge because there were two separate assaults independent of the sexual assaults: "(1) the dragging or pulling [B.S.] by the arm when the applicant took her to the kitchen to retrieve her medication, and (2) the snatching of her mace from her hand at the time he took it from her." The court found, "Based upon the evidence presented and the State's theory of the case, it would not have been impossible for the applicant to have committed burglary in the first degree without also having committed

robbery in the second degree." Likewise, the court denied Bryson's claim that his sexual abuse sentences should merge, finding "[e]ach of the three sexual abuse counts specified separate physical acts between the applicant and [B.S.] which come within the statutory definition of 'sex act.'"

Bryson appeals claiming the district court erred in concluding the burglary and robbery convictions do not merge and in concluding two of the sexual abuse convictions do not merge.

## II. Scope and Standard of Review.

The district court considered Bryson's merger argument within the structure of a PCR claim, which is reviewed for correction of errors at law. *Lowery v. State*, 822 N.W.2d 739, 741 (Iowa 2012). Claims that the district court erred in failing to merge convictions can be raised at any time because the failure to merge convictions as required by statute results in an illegal sentence. *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015). We review claims that a sentence is illegal because of merger for correction of errors at law. *State v. Anderson*, 565 N.W.2d 340, 342 (Iowa 1997).

## III. Merger.

Under Iowa Code section 701.9,

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

This statute "codifies the double jeopardy protection against cumulative punishment." *State v. Caquelin*, 702 N.W.2d 510, 511 (Iowa Ct. App. 2005) (quoting *State v. Gallup*, 500 N.W.2d 437, 445 (Iowa 1993)).

To determine whether convictions merge, we must determine whether one offense is "necessarily included" in another offense. *State v. Hickman*, 623 N.W.2d 847, 850 (Iowa 2001). To do that, we look at the elements of each and "determine if the greater offense can be committed without also committing the lesser offense." *Id.* We consider the elements of the offense "in the manner in which the State sought to prove those elements." *Id.* (quoting *State v. Coffin*, 504 N.W.2d 893, 895 (Iowa 1993)). This is called the "impossibility test," and it fully subsumes the "elements" test. *Id.* Also, "it is not necessary that the elements of the lesser offense be described in the statutes in the same way as the elements of the greater offense." *Id.* (quoting *Coffin*, 504 N.W.2d at 895).

### A. Burglary and Robbery.

Bryson claims his second-degree robbery conviction should merge into his first-degree burglary conviction.[2] Bryson relies on *State v. Lambert*, 612 N.W.2d 810, 816 (Iowa 2010), to argue it is impossible to determine which specific intent the jury relied on in finding Bryson committed a burglary, so as to preclude a separate conviction under robbery, which contains a common element. We agree with Bryson the specific-intent-to-commit-a-theft element of the two offenses align, but that does not end our analysis in this case. We must examine whether the assault element contained in second-degree robbery is necessarily included in first-degree burglary's assault element so as to require merger. We conclude it does not.

---

[2] We have previously held the offenses of first-degree burglary and first-degree robbery do not merge. *See Blodgett v. State*, No. 05-2137, 2007 WL 1201755, at *2-3 (Iowa Ct. App. Apr. 25, 2007); *State v. Reames*, No. 05-1084, 2006 WL 2873320, at *1-2 (Iowa Ct. App. Oct. 11, 2006).

In Bryson's criminal trial, the jury was instructed:

Instruction No. 18
Under Count 1, the State must prove all of the following elements of Burglary in the First Degree.
1. On or about March 4th, 1999, the Defendant broke into and/or entered the home of [B.S.].
2. The home was an occupied structure.
3. A person or persons were present in the occupied structure.
4. The Defendant did not have permission or authority to break into and/or enter the home.
5. The Defendant did so with the specific intent to commit a theft, assault, or robbery.
6. During the incident the Defendant intentionally or recklessly inflicted bodily injury on [B.S.].

Instruction No. 39
Under Count 2, the State must prove all of the following elements of Robbery in the Second Degree:
1. On or about March 4th, 1999, the Defendant had the specific intent to commit a theft.
2. In carrying out his intention or to assist him in escaping from the scene, with or without the stolen property, the Defendant committed an assault on [B.S.].

Under element number 5 of the burglary instruction, there are three alternative intents: "the specific intent to commit a theft, assault, or robbery," and no special interrogatory clarified which alternative the jury relied upon. When alternatives are present and one alternative requires merger, merger is required if it is impossible to determine which alternative the jury used. *Lambert*, 612 N.W.2d at 816. Both parties agree with the district court's conclusion that for the purpose of determining whether merger is required the intent-to-commit-a-theft alternative for burglary must be used because second-degree robbery likewise required a specific intent to commit a theft.[3] *See State v. Daniels*, 588 N.W.2d

---

[3] It should be noted that we do not address the sufficiency of the evidence to support the conclusion that Bryson had the specific intent to commit a theft, the common specific

682, 684 (Iowa 1998) ("If one of the crimes may be committed in alternate ways, 'the alternative submitted to the jury controls' the comparison.").

The fighting issue for Bryson on appeal is the district court's determination that merger was not required because the evidence supported two different assaults, independent from the sex acts. The jury was given a special interrogatory, but that interrogatory only asked the jury to determine if B.S. suffered an injury distinct from the injuries caused by the sex acts. However, as previously noted, the PCR court found Bryson committed two nonsexual assaults: the first by "dragging or pulling [B.S.] by the arm when [Bryson] took her to the kitchen to retrieve her medication" and the second by "snatching . . . her mace from her hand at the time he took it from her."

We agree with Bryson that, even though the record supports different assaults, the fact finder must make separate factual findings that show separate assaults supported the robbery and burglary claims if we are to conclude the offenses do not merge. *See Love*, 858 N.W.2d at 724 (holding the crimes merge where the jury was not asked to determine whether two assaults occurred even though the evidence may have been sufficient to support separate crimes). Because the jury was never asked to do the fact-finding necessary to support two separate assaults, the district court erred in concluding merger was precluded by the existence of sufficient evidence to support two separate, nonsexual assaults.

However, despite our agreement with Bryson's assertion that merger would be proper because the jury was not asked to find two, nonsexual assaults,

---

intent element of second-degree robbery and first-degree burglary. The jury already made that determination, and that issue is not before this court.

his merger claim fails because robbery, the lesser offense, contains an element not required for burglary, the greater offense. *See State v. Jeffries*, 430 N.W.2d 728, 736 (1988) (noting a lesser offense cannot be included in the greater offense if the lesser contains an element not part of the greater); *see also Ne. Cmty. Sch. Dist. v. Easton Valley Cmty. Sch. Dist.*, 857 N.W.2d 488, 491 (Iowa 2014) ("Our cases allow us to affirm the district court on any basis argued by the appellee in the district court and urged on appeal by the appellee.").

For robbery, the jury instruction stated, "In carrying out his intention or to assist him in escaping from the scene . . . the defendant committed an assault." For burglary, the jury was instructed, "During the incident Defendant intentionally or recklessly inflicted bodily injury." Here, the robbery instruction required the assault occur to assist in escaping or to further the commission of the intended theft. *See* Iowa Code § 711.1; *see also State v. Copenhaver*, 844 N.W.2d 422, 452 (Iowa 2014) (noting the assault alternative of robbery is a specific-intent crime). However, the burglary instruction only required the assault to occur at some point during the burglary. *See* Iowa Code § 713.1; *see also State v. Peck*, 539 N.W.2d 170, 175 (Iowa 1995) ("The 'reckless' alternative for first-degree burglary connotes that the act was *not done with specific intent*, but 'fraught with a high degree of danger . . . so obvious from the facts that the actor knows or should reasonably foresee that harm will probably . . . flow from the act.'" (emphasis added) (citation omitted)). Robbery's assault element has a restriction as to the purpose behind the assault, and the burglary instruction does not.

We note the elements of the lesser offense do not need to be described in the same way as the elements in the greater offense in order for merger to take

place.  *See Coffin*, 504 N.W.2d at 895.  So long as the statutes convey the "same thought," the offenses are merged.  *See Hickman*, 623 N.W.2d at 852 (holding "purposely inflicts . . . serious injury" and "intended to cause . . . serious injury" convey the same specific intent such that it is impossible to commit one without the other).  But nowhere in the burglary instruction is there a requirement that the assault take place to facilitate the theft or to assist in escaping from the scene.  All that is required is that the assault take place during the burglary.  So while the specific-intent-to-commit-a-theft elements are presumed in favor of merger and the jury did not specify its conclusions as to the number of nonsexual assaults, second-degree robbery and first-degree burglary still require separate, unique elements to be proven.  Consequently, merger is not required as a matter of law.

**B.  Sexual Abuse in the Third Degree.**  Next, Bryson claims two of his three sexual abuse convictions should merge, specifically the two convictions that involve the commission of the oral sex acts.  He claims these counts were part of one continuous act and there was no break in the action between the oral sex acts so as to justify multiple punishments.[4]

---

[4] The State challenges Bryson's classification that this claim is a challenge to an illegal sentence.  The State asserts Bryson's challenge is really that there is insufficient factual support for the first two counts of sexual abuse because both counts comprise one continuous act with no intervening act or break in the action.  The State asserts Bryson's claim is a masked substantive challenge to the sufficiency of the evidence to support two of the sexual abuse counts, not a challenge to the illegality of his sentence.  Because, in the State's view, Bryson's claim is not to the legality of his sentence, he is prevented from litigating this issue twelve years after his conviction became final.

> As another panel of this court has noted,
> [T]here is conflicting case law on the issue of whether this category of claim is a substantive challenge to the conviction or a claim for an illegal sentence.  *See generally State v. Ross*, 845 N.W.2d 692, 700–01 (Iowa 2014); *State v. Copenhaver*, 844 N.W.2d 442, 447–52 (Iowa 2014); *State v. Velez*, 829 N.W.2d 572, 584 (Iowa 2013); *State v. Kidd*, 562 N.W.2d

In determining what the legislature intended as a "'unit of prosecution' for a particular crime," we look to the statutory language. *Velez*, 829 N.W.2d at 579. "The general assembly has the absolute right to determine the unit of prosecution for a crime." *Ross*, 845 N.W.2d at 704. Sexual abuse in the third degree requires the commission of a sex act. *See* Iowa Code § 709.4. The legislature has defined "sex act" or "sexual activity" as:

> any sexual contact between two or more persons by: penetration of the penis into the vagina or anus; contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person; contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 150, 150A, 151, or 152; or by use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

*Id.* § 702.17. "Under this statute, any single physical contact so described is sufficient to meet the definition of 'sex act.'" *Constable*, 505 N.W.2d at 477.[5]

---

764, 765–66 (Iowa 1997); *State v. Constable*, 505 N.W.2d 473, 477–78 (Iowa 1993).

*State v. Sanchez*, No. 13-1989, 2015 WL 4935530, at *1 (Iowa Ct. App. Aug. 19, 2015); *see also Love*, 858 N.W.2d at 723–24 (noting the defendant's challenge was to the legality of his sentence, which could be raised at any time, and analyzing under the merger doctrine whether the jury was instructed to determine if there was a sufficient break in the action to support multiple assaults).

However, like *Sanchez*, we need not resolve this issue because Bryson's challenge to his two sexual abuse convictions fails on its merits. *See* 2015 WL 4935530, at *1.

[5] Bryson asks that we supplement the ruling in *Constable* with the analysis of the factors the supreme court articulated in *Ross* to determine the "unit of prosecution" for sexual abuse. *See Ross*, 845 N.W.2d at 705 ("These factors are (1) the time interval occurring between the successive actions of the defendant, (2) the place of the actions, (3) the identity of the victims, (4) the existence of an intervening act, (5) the similarity of defendant's actions, and (6) defendant's intent at the time of his actions."). We note the factors in *Ross* are only an "*aid* to the fact finder in determining if the defendant's assaultive conduct is one continuous act or a series of separate and distinct acts." *Id.* (emphasis added). Even if we were to agree we need to apply the *Ross* factors, the application of these factors to the facts of this case does not demand that we overrule *Constable* and merge two of the sexual abuse convictions. There was no testimony regarding the length of time between the two sex acts at issue, but performing both acts

"The language of our definitional statute and chapter 709 express legislative intent that the commission of any single physical contact described in section 702.17 is a sex act sufficient to complete a sexual abuse crime when other proscribed circumstances exist." *Id.* at 477–78.

With respect to two of Bryson's sexual abuse convictions, the jury was instructed:

> Instruction No. 41
> Under Count 3, the State must prove all of the following elements of Sexual Abuse in the Third Degree:
> 1. On or about March 4th, 1999, the Defendant performed a sex act with [B.S.] by causing sexual contact between the mouth of the Defendant and the genitals of [B.S.].
> 2. The Defendant performed the sex act by force or against the will of [B.S.].

> Instruction No. 46
> Under Count 4, the State must prove all of the following elements of Sexual Abuse in the Third Degree:
> 1. On or about March 4th, 1999, the Defendant performed a sex act with [B.S.] by causing sexual contact between the mouth of [B.S.] and the genitals of the Defendant.
> 2. The Defendant performed the sex act by force or against the will of [B.S.].

The jury was not instructed, as Bryson contends, to find two incidents of oral sex. The jury was required to find two different sex acts in order to convict Bryson of these two counts of sexual abuse: "sexual contact between the mouth of [Bryson] and the genitals of [B.S.]," and "sexual contact between the mouth of [B.S.] and the genitals of [Bryson]." While the two acts may have occurred close

---

would require at a minimum a change in body position. Both acts took place in one location, with one victim, and with the same intent, and there does not appear to be any intervening act. However, there were two different actions by Bryson—placing his mouth on B.S.'s vagina and forcing his penis into B.S.'s mouth—unlike *Ross* where there was one action committed multiple times—multiple shots fired from a gun. *Id.* at 705–06. Thus, even if the *Ross* decision modified the merger analysis, its application does not change the result here or the holding in *Constable*, 505 N.W.2d at 477–78.

in time, the legislature has determined that each act is a separate offense by defining the crime as contact between specified body parts of two persons. Because each of these acts alone meets the definition of a "sex act," each is sufficient to charge Bryson with one count of third-degree sexual abuse. "A defendant should not be allowed to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime." *State v. Newman*, 326 N.W.2d 793 (Iowa 1982). The case was tried and submitted to the jury as two separate sex acts involving different body parts of both Bryson and B.S.; therefore, we conclude Bryson's conviction of these two counts of sexual abuse does not offend the merger doctrine or the Double Jeopardy Clause. *Cf. State v. Folck*, 325 N.W.2d 368, 376 (Iowa 1982) (noting that while facts support the conclusion the defendant subjected the victim to three incidents of sexual abuse within a short period of time, the case was *tried* as one continuing event and submitted to the jury that way and thus, the sexual abuse conviction merged into the kidnapping conviction).

**IV. Conclusion.**

We affirm the district court's denial of Bryson's PCR application because we agree with the district court's conclusion robbery in the second degree does not merge into burglary in the first degree. Robbery's assault element has a restriction as to the purpose behind the assault that the burglary instruction does not, making it legally possible to commit first-degree burglary without also committing second-degree robbery. In addition, we agree the two sexual abuse convictions do not merge because the jury found two different sex acts, and each

of these acts alone meets the statutory definition of a "sex act," which supports two separate convictions.

**AFFIRMED.**