# IN THE COURT OF APPEALS OF IOWA

No. 21-0565
Filed August 3, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL PAUL BIBBY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wapello County, Joel D. Yates, Judge.

        Michael Bibby appeals his conviction on a charge of attempt to commit murder and the sentences imposed on his convictions for willful injury and first-degree robbery. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

        Considered by May, P.J., Chicchelly, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DOYLE, Senior Judge.**

A jury found Michael Bibby guilty on charges of attempt to commit murder, first-degree robbery, first-degree burglary, and willful injury causing serious injury. On appeal, Bibby challenges the sufficiency of the evidence supporting his conviction of attempt to commit murder. He also contends the district court imposed an illegal sentence by failing to merge his willful-injury and robbery convictions.

Bibby's convictions stem from events that took place in August 2018, when Joseph Garrett awoke to find a man wearing a black mask standing in his bedroom. With a rifle aimed at Garrett, the man demanded to know the location of Garrett's drugs and money. At first, Garrett thought it was a prank. He realized it was not when the masked man grabbed Randi Hanrahan—a friend of Garrett's wife and guest in their home—by her hair, pulled her into the room, and held the rifle to her head. When Garrett told the man he had the wrong address, the man fled with a $100 bill taken from Hanrahan and a purse belonging to Garrett's wife.

When the intruder fled, Hanrahan ran outside and found Colt Stewart bleeding and in pain. Stewart had driven Hanrahan to the Garretts' home and stayed in the front yard to repair a bicycle rim. He was on the phone when three men approached. One of the men wore a black mask and carried a rifle. Another carried a knife. One announced, "We're here to rob you."

Like Garrett, Stewart first thought the robbery was a prank. But the men kept advancing, and one struck the phone from Stewart's hand. Stewart knocked two of the men to the ground before he was shot in the leg. The men then entered the house.

Ottumwa Police Chief Tom McAndrew was on duty when law enforcement received a report of the shooting. He drove into a field near an elementary school based on information about the direction the suspects were headed. When three men emerged from the woods and ran past his vehicle toward the school, Chief McAndrew followed them. But as more law enforcement arrived at the school, the men turned around and headed back to the woods. When Chief McAndrew saw the man with the rifle take a shooting stance and point the assault rifle directly at him, he jerked his vehicle to the left. He drove a few feet before the front passenger-side window was shattered by a shot. Chief McAndrew continued to drive until he was a safe distance away.

Law enforcement officers exchanged gunfire with the suspects. The man with the rifle, later identified as Bibby, was shot before officers took him into custody.

The State charged Bibby with ten counts of attempt to commit murder, and one count each of first-degree robbery, first-degree burglary, and willful injury causing serious injury. The matter proceeded to a jury trial, and the district court granted Bibby judgment of acquittal on eight counts of attempt to commit murder. The jury found Bibby guilty of assault with intent to cause serious injury, a lesser included offense of attempt to commit murder as to Stewart. They jury also found Bibby guilty of attempt to commit murder as to Chief McAndrew, as well as first-degree robbery, first-degree burglary, and willful injury causing serious injury to Stewart.

The district court merged the assault with intent to cause serious injury to Stewart with the willful injury causing serious injury to Stewart and sentenced Bibby

to a ten-year term of imprisonment for willful injury causing serious injury. It sentenced Bibby to twenty-five years for attempted murder. It ordered Bibby to serve concurrent twenty-five-year terms of incarceration for robbery and burglary. It ordered those sentences to run consecutively to the attempted murder and willful-injury sentences, for a total of sixty years of imprisonment.

Bibby first challenges the sufficiency of the evidence supporting his conviction for attempt to commit murder. We review the sufficiency of the evidence for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). "Under this standard, the court is highly deferential to the jury's verdict. We will affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* Evidence is substantial if it may convince a rational person of the defendant's guilt beyond a reasonable doubt. *Id.* In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the State. *Id.* The question is whether the evidence supports the finding the jury made, not whether it would support a different finding. *Id.*

The court instructed the jury that in order to find Bibby guilty of this charge, the State had to prove beyond a reasonable doubt:

> (1) . . . [Bibby] did an act which a person would expect would set in motion a force or chain of events.
> (2) [Bibby] expected the act would cause or result in the death of Tom McAndrew.
> (3) [W]hen [Bibby] acted, he specifically intended to cause the death of Tom McAndrew.

Bibby challenges the evidence showing the third element: that he specifically intended to cause Chief McAndrew's death. He "acknowledges that Iowa cases have affirmed a jury's finding of intent to kill based on the cases finding use of a

firearm." *See, e.g.*, *State v. Green*, 896 N.W.2d 770, 780 (Iowa 2017) (stating the jury may infer that "one who uses a dangerous weapon intends to cause physical harm, and even to kill"). But, he argues, the use of a firearm is not dispositive. *See id.* at 780-81 (discussing circumstances, such as accidental discharge, in which the inference is inappropriate); *State v. Price*, 365 N.W.2d 632, 635 (Iowa Ct. App. 1985) (observing that a mandatory presumption of an intent to kill from the use of a firearm is unconstitutional).

We begin our review of the evidence by noting that there is rarely direct evidence of a defendant's state of mind. *See State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992). Often, the jury must instead rely on circumstantial evidence and draw reasonable inferences the defendant's conduct and the circumstances in a manner consistent with human behavior and experience. *See id.* For instance, the jury may presume the defendant intended the natural consequences from intentional acts. *See State v. Ochoa*, 244 N.W.2d 773, 777 (Iowa 1976).

With those principles in mind, Bibby argues the evidence shows he was facilitating an escape rather than intending to kill anyone. He notes that only one bullet struck the chief's vehicle and cites to the testimony describing Bibby as firing at the responding officers while running away. He also notes that he did not fatally wound Stewart despite his apparent ability to do so. But whether Bibby shot at Chief McAndrew with the intent to kill him or with the intent to create fear and distraction was for the jury to decide. *See State v. Clarke*, 475 N.W.2d 193, 197 (Iowa 1991); *State v. Brown*, No. 02-0086, 2003 WL 1967828, at *5 (Iowa Ct. App. Apr. 30, 2003). Viewing the evidence and the inferences taken from it in the light most favorable to the State, a reasonable juror could find Bibby intended to cause

Chief McAndrew's death. *See State v. Young*, 686 N.W.2d 182, 185-86 (Iowa 2004) (discussing the defendant's act of shooting rifle at deputy's vehicle as "type of act that would further the specific intent to commit attempted murder").

Bibby also contends the district court erred by failing to merge his convictions of willful injury and robbery. *See* Iowa Code § 701.9 (2018) ("No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only."). Failure to merge convictions as required by section 701.9 results in an illegal sentence, which we review for correction of errors at law. *See State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015).

In determining whether two convictions merge, we first look at "the elements of the two offenses to determine whether it is possible to commit the greater offense without also committing the lesser offense." *State v. Goodson*, 958 N.W.2d 791, 803 (Iowa 2021). Because "it is impossible to commit first-degree robbery under the purposely-inflicts-serious-injury alternative without also committing willful injury," the convictions can be merged. *State v. Hickman*, 623 N.W.2d 847, 852 (Iowa 2001). The State counters that merger is inappropriate here because each conviction is supported by a separate assault. *See State v. Smith*, 573 N.W.2d 14, 19 (Iowa 1997) (affirming sentences imposed based on two distinct acts).

To find Bibby guilty of first-degree robbery, the State had to show Bibby (1) had the specific intent to commit a theft, (2) committed an assault[1] intending to inflict serious injury *or threatened another with immediate serious injury*, and (3) did so with the intent to inflict serious injury or while armed. The jury found Bibby guilty of willful injury causing serious injury for the act of shooting Stewart outside Garrett's home. Although Bibby claims "no evidence supports the conclusion that multiple instances of willful injury causing serious injury occurred," at least two other acts could support the robbery verdict—Bibby's acts of (1) threatening Garrett with a rifle and (2) pulling Hanrahan into Garrett's bedroom by her hair and holding the rifle to her head.[2] Because there were multiple assaults or threats to persons other than Stewart from which the jury could base its robbery verdict, we agree that merger is unnecessary.

We affirm Bibby's convictions and sentences.

**AFFIRMED.**

---

[1] "Assault," as defined in the instructions, includes: "a person intentionally points a firearm toward another, or intentionally displays a dangerous weapon in a threatening manner toward another."

[2] Bibby argues that during closing argument, the State focused on Stuart's shooting as the assault that supported the robbery charge and only cited the assaults on Garrett and Hanrahan as of evidence of Bibby's specific intent to commit a theft. Although the prosecutor could have been clearer during closing argument, nothing in the marshalling instruction prevented the jury from considering the assaults or threats against Garrett and Hanrahan in determining Bibby's guilt of the robbery charge.